UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DALE D.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C19-5290 RSM

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of his application for Supplemental Security Income, contending the ALJ erred in evaluating two medical opinions and two lay witness statements. Dkt. 10. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

Plaintiff is currently 54 years old, has a high school education, and has worked as a shingle sawyer, saw mill laborer, and bolter. Administrative Record (AR) 27. Plaintiff applied for benefits in October 2015 and alleges disability as of the application date. AR 41, 15, 116. Plaintiff's applications were denied initially and on reconsideration. AR 115, 125. After a hearing in October 2017, the ALJ issued a decision finding Plaintiff not disabled. AR 36, 15-29.

ORDER AFFIRMING THE
COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

**THE ALJ'S DECISION**

Using the five-step disability evaluation process in 20 C.F.R. § 416.920, the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two:** Plaintiff has the following severe impairments: lumbar spine spondylolisthesis, lumbar spine degenerative disc disease and degenerative joint disease with status post surgery, asthma, bipolar disorder, anxiety disorder, and post-traumatic stress disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.

**Residual Functional Capacity:** Plaintiff can perform light work. He can occasionally crawl and climb ladders, ropes, and scaffolds. He can tolerate occasional exposure to vibration, extreme cold, and concentrated dusts, fumes, gases, odors, poor ventilation, and pulmonary irritants. He can understand, remember, and apply short, simple instructions and perform routine, predictable tasks. He cannot tolerate a fast-paced production type environment. He can make simple work-related decisions, and tolerate occasional workplace changes and occasional interaction with coworkers and the public.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

AR 17-29. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.

**DISCUSSION**

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor

substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954, 957 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**A.     Medical Opinions**

**1.     Patricia Kraft, Ph.D.**

Nonexamining state agency psychologist Dr. Kraft opined, among other limitations, that Plaintiff was "[m]oderately limited" in the ability to maintain attention and concentration for extended periods and the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, but "[n]ot significantly limited" in the "ability to … maintain regular attendance." AR 138-39. Dr. Kraft further explained that Plaintiff's concentration, persistence, and pace "will *occasionally* wane in response to depression. His depression will interfere with reliability of attendance…." AR 139 (emphasis added). The ALJ gave Dr. Kraft's opinions "significant weight." AR 25. Plaintiff argues, however, that the ALJ erred by failing to incorporate a limitation into the RFC that he "will not be able to sustain attendance." Dkt. 10 at 2.

Failure to either incorporate a limitation or provide reasons to reject it is error. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion …, he errs."). Here, however, the ALJ rationally interpreted Dr. Kraft's opinions to mean that Plaintiff's concentration would wane from time to time, but not frequently enough to preclude competitive work. *See Burch*, 400 F.3d 680-81 (ALJ's interpretation must be upheld if rational). The ALJ translated Dr. Kraft's opinions into several concentration

restrictions in the RFC, limiting Plaintiff to following "short, simple instructions" to "perform routine, predictable tasks" involving only "simple" decisions. AR 20; *see Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (upholding ALJ's "translat[ion]" of claimant's condition into "concrete restrictions" where "consistent with the restrictions identified in the medical testimony"). Plaintiff has not shown the ALJ erred in incorporating Dr. Kraft's opinions into the RFC.

Plaintiff asserts that Dr. Kraft's attendance limitation is consistent with other medical opinions. Dkt. 10 at 3. Any such consistency is not relevant, however, to the Court's inquiry as to whether the ALJ erred in handling Dr. Kraft's opinions.

Plaintiff argues for the first time in his reply brief that Dr. Kraft used the word "occasionally" as defined in Social Security regulations, meaning up to one-third of the time. Dkt. 12 at 2 (citing SSR 83-10, 1983 WL 31251 (S.S.A. 1983)). The Court will not consider a new issue raised for the first time in a reply brief. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988).[1]

The Court concludes the ALJ did not err in incorporating Dr. Kraft's opinions into the RFC.

---

[1] Even if the Court considered Plaintiff's argument, it would be rejected. Social Security regulations do not eliminate the ordinary usage of common English words. SSR 83-10 defines "occasionally" with regard to the frequency of tasks or environmental conditions in a job. SSR 83-10, 1983 WL 31251 at *5 (sedentary work requires standing or walking no more than one-third of the time). Nothing in Dr. Kraft's opinions suggests that she was referring to SSR 83-10 or any other regulation in opining occasional lapses in concentration. The ALJ reasonably inferred that Dr. Kraft intended the ordinary meaning of "occasionally," and this inference must be upheld. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").

ORDER AFFIRMING THE
COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4

## 2. Shlomit Shor, MSW

"Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original); *see* 20 C.F.R. §§ 404.1502(a), (d), (e); 416.902(a), (i), (j). An ALJ may reject the opinion of a non-acceptable medical source, such as a therapist, by giving reasons germane to the opinion. *Id.*

In March 2017, Plaintiff's treating counselor, Ms. Shor, filled out a Medical Source Statement opining, among other limitations, that Plaintiff had "marked" limitations in maintaining attention and concentration, working in proximity to others, responding appropriately to supervision, and completing a normal workday and workweek. AR 681. The ALJ gave Ms. Shor's opinions "little weight" because they reflected "the claimant's complaints and not … his objective level of functioning."[2] AR 26.

"If a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Ghanim*, 763 F.3d at 1162 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). Plaintiff does not challenge the ALJ's discounting of his self-reported symptoms. *See* AR 21. "However, when an opinion is not more heavily

---

[2] The Commissioner asserts, erroneously, that the ALJ also discounted Ms. Shor's opinions as "contrary to other evidence." Dkt. 11 at 5 (citing AR 34, which is a list of exhibits). Because the ALJ's decision does not contain such an analysis, the Commissioner's contention is an improper *post hoc* argument on which the Court cannot rely. The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995).

based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Id.*

Plaintiff argues that Ms. Shor's "opinion is not based solely on the Plaintiff's complaints," because she wrote that she filled out the form "according to client report and my observation of him with me." Dkt. 10 at 4; AR 682. Opinions need not rely *solely* on claimant reports, only "to a large extent," for the ALJ to reject them. *Ghanim*, 763 F.3d at 1162. Plaintiff fails to identify any objective clinical observations Ms. Shor made that would support the restrictions she opined. Dkt. 10 at 3-4; Dkt. 12 at 2-3. In fact, her mental status examinations around the time of the March 2017 opinions show almost entirely normal results. *See* AR 802, 800. In the absence of supporting clinical findings, the ALJ reasonably inferred that Ms. Shor's opinions were instead based to a large extent on Plaintiff's self-reports. This was a germane reason to discount the opinions.

The Court concludes the ALJ did not err by discounting Ms. Shor's opinions.

**B.     Lay Witnesses**

Plaintiff's former roommate wrote a letter in September 2017, stating that Plaintiff went to numerous appointments to address his mental health impairments but "[t]aking the bus and the constant interaction with the public" caused anxiety resulting in shaking hands and an eye twitch. AR 367. He would sometimes isolate for days at a time. *Id.* Plaintiff's stepsister wrote a letter in September 2017, stating that Plaintiff "experiences a lot of anxiety when in a closed room with lots of people [and] lots of noise" and, at times, even when alone at home with her and their father. AR 369.

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). The ALJ gave these statements "partial weight,"

considering them "alongside the treatment records and medical source opinions." AR 27. The ALJ also noted that the lay witnesses "are not medical sources, meaning they are not qualified to assess what the claimant is able to do despite her [sic] impairments." *Id*. This is not a germane reason to discount lay testimony. "The fact that lay testimony … may offer a different perspective than medical records alone is precisely why such evidence is valuable" in a disability determination. *Diedrich*, 874 F.3d at 640. Although the ALJ may not have provided a germane reason to reject the lay witness statements, Plaintiff has not shown any harmful error. The ALJ excluded the type of "constant interaction with the public" and being "in a closed room with lots of people and lots of noise" that the lay witnesses stated was problematic for Plaintiff. AR 367, 369. The ALJ limited social interaction to only "occasional interaction with co-workers and the general public." AR 20. Plaintiff has not identified any limitation required by the lay witness statements that the ALJ did not incorporate into the RFC.[3]

The Court concludes the ALJ did not err in handling the lay witness statements.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 21 day of October 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff appends to his discussion of lay witnesses an argument that the ALJ erred by "rejecting the severity of the Plaintiff's anxiety." Dkt. 10 at 5. The relevance of this argument is unclear, because Plaintiff did not challenge the discounting of his testimony, and the Court declines to puzzle out Plaintiff's intent.